**TRUSTEES OF the SHEET METAL WORKERS' LOCAL UNION NO. 80 PENSION TRUST FUND, Plaintiffs,**

v.

**WINCHESTER LAND, L.L.C. and WG Heating, LLC, Defendants.**

**Civil No. 10–12154.**

United States District Court,
E.D. Michigan,
Southern Division.

July 7, 2010.

Hope L. Calati, Sachs Waldman, Detroit, MI, for Plaintiffs.

*OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION*

JOHN FEIKENS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Ex Parte Motion For Temporary Restraining Order and Motion for Preliminary Injunction, wherein Plaintiffs ask the Court to enjoin Defendant Winchester Land, L.L.C. from transferring or otherwise encumbering its only known asset, certain real property located in Sterling Heights, Michigan.

## II. BACKGROUND

In a separate action, Plaintiffs obtained a judgment (the "Judgment") against W.G. Heating & Cooling Inc. ("WG Heating and Cooling")—which is not a party to this action. The Judgment represents employer withdrawal liability pursuant to Section 4201(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1381(a), and additional damages arising therefrom. No payments have been made towards the Judgment.

Through this action, Plaintiffs now seek to extend liability for the Judgment to two additional entities, Winchester Land, L.L.C. ("Winchester Land") and WG Heating LLC ("WG Heating"). According to Plaintiffs, Winchester Land is a trade or business under common control with the judgment-debtor, WG Heating and Cooling, and is therefore jointly and severally liable to Plaintiffs for the Judgment under 29 U.S.C. § 1301(b)(1). Additionally, although not particularly relevant to this Motion, Plaintiffs allege that WG Heating is liable on the Judgment under two theories: (1) WG Heating and Cooling is an alter ego of WG Heating; and (2) assets were transferred from WG Heating and Cooling to WG Heating for the purpose of evading or avoiding ERISA employer-withdrawal liability, and those transfers should be set aside under 29 U.S.C. § 1392(c).

■ In this lawsuit, Plaintiffs seek a monetary judgment against Winchester Land and WG Heating, presumably equal to the amount of the Judgment against WG Heating and Cooling, plus applicable interest, attorney fees, and costs. Plaintiffs filed the instant motion for an ex parte temporary restraining order, and after notice to Defendants, for a preliminary injunction, asking this Court to enjoin Winchester Land from selling or encumbering its only known asset—a certain

piece of real property located in Sterling Heights, Michigan. Plaintiffs argue that they can satisfy the factors for obtaining injunctive relief[1] because:

(1) they are "nearly certain" to succeed on the merits because Winchester Land is under common control with WG Heating and Cooling;

(2) they will suffer irreparable harm without the injunction because Winchester Land has indicated that it will transfer its sole known asset, leaving Plaintiffs "without a significant source of recovery" for its inevitable judgment against that entity;

(3) Winchester Land "is unlikely to be able to show any harm—other than it being prevented from favoring another creditor ... over plaintiffs"; and

(4) the public interest will be promoted by the injunction because the public has an interest in private employers covering private pension liabilities and a further interest in protecting the interests of participants in employee benefit plans.

Regardless of the consideration of these factors, however, Plaintiffs are asking this Court to freeze the assets of Winchester Land before Plaintiffs' claims against that entity have been "vindicated by a judgment"—a power this Court does not have. *See RBS Asset Fin., Inc. v. Bravo*, No. 05–72681, 2005 WL 3008581, *2 (E.D.Mich. Nov. 9, 2005) ("[plaintiff] is asking this Court to ignore over 200 years of American jurisprudence prohibiting the equitable relief of freezing a party's 'unencumbered assets ... before their claims have been vindicated by judgment.' ") (citing *Adler v.*

*Fenton*, 65 U.S. 407, 24 How. 407, 16 L.Ed. 696 (1861) and *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999)). In denying RBS's motion for a preliminary injunction, Judge Zatkoff explained that the court could not issue the requested injunction:

[In *Grupo Mexicano,*] the Supreme Court held that prior to entry of judgment, a creditor cannot invoke a court's equitable powers to freeze assets to be later used to satisfy a money judgment, the relief requested in plaintiff's complaint. The Supreme Court stated that prejudgment asset freezes, if allowed, would "radically alter the balance between the debtor's and creditors' rights which has been developed over centuries through many laws-including those related to bankruptcy, fraudulent conveyances, and preferences. Because any rational creditor would want to protect his investment, such might induce creditors to engage in a 'race to the court house' in cases involving insolvent or near insolvent debtors, which might prove fatal to the struggling debtor."

*Id.* at *3–4 (quoting *Grupo Mexicano*, 527 U.S. at 321, 325, 331, 119 S.Ct. 1961).

■ There are limited exceptions to the *Grupo Mexicano* prohibition on asset-freeze injunctions issued to protect an anticipated judgment, such as where a plaintiff's complaint asserts an equitable claim to an asset with a "clear and close nexus to the assets sought to be enjoined." *In re Qwest Communications Int'l, Inc. Securities Litig.*, 243 F.Supp.2d 1179, 1184 (D.Colo.2003); *see also Iantosca v. Step*

---

1. The factors for obtaining a preliminary injunction include: (1) the movant's substantial likelihood of success on the merits; (2) the movant will likely suffer irreparable harm without the injunction; (3) the injunction will not cause substantial harm to third parties; and (4) the public interest will be served by the injunction. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir.2003). The same factors are considered when deciding whether to issue a temporary restraining order. *See N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2006).

*Plan Svcs., Inc.*, 604 F.3d 24, 33–34 (1st Cir.2010) (finding an injunction proper where the creditors asserted a claim for an equitable remedy and the funds enjoined may have belonged to the judgment debtor); *Johnson v. Couturier*, 572 F.3d 1067, 1083–84, 1086 (9th Cir.2009) (finding an injunction proper where the suit seeks equitable relief, and the asset freeze was "limited to those [assets] in which Plaintiffs have an equitable interest"); *Nilson v. JPMorgan Chase Bank, N.A.*, 690 F.Supp.2d 1231, 1262 (D.Utah 2009) ("The court concludes that when a creditor asserts an equitable claim to a debtor's specific assets, and seeks a remedy to recover specific assets, the court may ... invoke equity to preserve the *status quo* ...."). Those exceptions, however, are inapplicable here. Plaintiffs have not asserted equitable claims, nor have they articulated any equitable interest in the real property owned by Winchester Land. Indeed, as Plaintiffs have admitted, they seek an injunction to secure Winchester Land's property—an asset in which they have no interest—solely to prevent Winchester Land from "favoring another creditor" by transferring the land to that creditor.[2] This is precisely the type of "race to the court house" that the Supreme Court cautioned against in *Grupo Mexicano*.

I find that, in this case, as in *RBS* and *Grupo Mexicano*, the injunction sought (to prevent the transfer of assets) "has nothing to do with succeeding on the merits of [Plaintiffs'] case (recovering a monetary judgment), but rather constitutes an injunction 'to protect the anticipated judgment of the court' (i.e. the award of damages ...)." *RBS*, 2005 WL 3008581, at *4.

Accordingly, the Court cannot grant Plaintiffs' motion, as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiffs' motion for a temporary restraining order and motion for preliminary injunction.

**IT IS SO ORDERED.**

---

**2.** Plaintiffs note that Winchester Land recently has been sued by another creditor in Macomb County Circuit Court. And, apparently, Winchester Land transferred or intends to transfer the subject property to that creditor in satisfaction (or partial satisfaction) of the debt underlying that suit. Plaintiffs allege that permitting such a transfer would "place [the] property beyond the[ir] reach."